IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JESÚS M. NATAL-FALCÓN, <u>ET AL.</u><br><br>    **Plaintiffs,**<br><br>            v.<br><br>ROBERTO BEAUCHAMP-RODRIGUEZ, <u>ET AL.</u><br><br>    **Defendants.** | **CIVIL NO. 13-1070 (PAD)** |

**OPINION AND ORDER**

Before the Court are defendant's "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)," Docket No. 30, which plaintiffs opposed at Docket No. 32. For the reasons explained below, defendants' motion is GRANTED IN PART AND DENIED IN PART.

**I.   BACKGROUND**

Plaintiffs Jesús M. Natal-Falcón, Gladys Febus-Marcano, the conjugal partnership Natal-Febus, Camila Natal-Febus and minor J.G.N.F., initiated this action under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141 (Docket No. 29), alleging that Puerto Rico Police officers engaged in gross misconduct, illegally arrested Natal Falcón and J.G.N.F., and illegally searched Natal-Falcón's vehicle and Febus-Marcano's purse.

According to the Amended Complaint, around 3:30 on October 31, 2012,[1] Natal-Falcón and JGNF took their car out of their home garage to buy food. Id. at ¶ 17. JGNF got out of the car

---
[1] No additional details were included in the Amended Complaint as so whether the events alleged occurred in the afternoon or at dawn.

Case 3:13-cv-01070-PAD   Document 36   Filed 08/18/14   Page 2 of 9

Jesús M. Natal-Falcón, *et al.* v. Roberto Beauchamp-Rodríguez, *et al.*
Civil No. 13-1070 (PAD)
Opinion and Order
Page 2

to close the balcony door, leaving the car's door ajar. Id. at ¶¶ 18-20. Then, an individual sat in the car's front passenger seat. Id. at ¶ 22. Natal-Falcón was surprised when he saw this individual sitting next to him Id. at ¶ 24. The individual, who turned out to be Alexis Chaparro-Sánchez ("Chaparro"), ordered Natal-Falcón to give him a ride ("dame rápido pon") but Natal-Falcón asked him "what the fuck are you doing here? Get off!" Id. at ¶¶ 25 and 26.

A few seconds later, four or five individuals arrived at the scene, dressed as civilians and pointing their guns at Natal-Falcón and JGNF. Id. at ¶ 29. These individuals were, among others, co-defendants Roberto Beauchamp-Rodríguez, Daniel Vega-Montalvo and Dicky Collazo-Hernández, all of whom are agents in the Puerto Rico Police. Id. at ¶¶ 30 and 31. The agents were chasing Chaparro for distributing narcotics in the town of Toa Baja, Puerto Rico. Id. at ¶¶ 29 and 83.

Plaintiffs allege the agents knew that Chaparro was running alone and that plaintiffs are not related to him. Id. at ¶ 27. They further assert, that the agents knew Chaparro "was trespassing [sic] into [Natal-Falcón]'s car." Id. at ¶ 29. The agents allegedly pulled Natal-Falcón from the vehicle and "ordered him to raise his hand and put his body towards the vehicle" Id. at ¶ 30. Natal-Falcón asked the police officers "Brother what is happening?" Id. at ¶ 32. The officers answered Natal-Falcón's query by stating that they "ain't no brother [sic] we are agents" but allegedly failed to specify which agency or government they actually worked for. Id. at ¶¶ 31-33.

A police officer stated "stay still, you are under arrest" Id. at ¶ 36. Natal-Falcón probed but a police officer replied "stay quiet, you are under arrest" Id. at ¶ 37. Meanwhile, JGNF was arrested and handcuffed by an agent while walking from the balcony to the car. Id. at ¶ 38. Neither Natal-Falcón nor JGNF knew what was happening. Id. at ¶ 41. Natal-Falcón claimed they were not

Case 3:13-cv-01070-PAD   Document 36   Filed 08/18/14   Page 3 of 9

Jesús M. Natal-Falcón, *et al.* v. Roberto Beauchamp-Rodriguez, *et al.*
Civil No. 13-1070 (PAD)
Opinion and Order
Page 3

associated with Chaparro ("no tenemos nada que ver con él") Id. at ¶¶ 42 and 45. Still, JGNF was escorted to the police patrol car, next to Chaparro. Id. at ¶ 44. The agents did not inform Natal-Falcón or JGNF of their Miranda rights. Id. at ¶¶ 39 and 40.

The officers then began to search Natal-Falcón's car. Id. at ¶ 47. They searched the front and back seats of the car, and then proceeded to push a button to open the vehicle's trunk. The agents did not request Natal-Falcón's consent to search the car. Id. Because Natal-Falcón heard that somebody was opening his wife's purse, which was inside the trunk, he walked toward the trunk of the car. Id. at ¶ 50. Natal-Falcón told the officers that the purse belonged to his wife and that he did not consent to the search. Id. ¶¶ 52-53. The officers found money ($400.00) inside the purse, after which one of them said "Sergeant here is money." Id. at ¶¶ 54-55. Natal-Falcón told the officers that the money was going to be used as partial payment for his wife's surgery. Id. at ¶ 56.

In the meantime, several neighbors told the officers that Natal-Falcón and JGNF had nothing to do with Chaparro. Id. at ¶ 57. Natal-Falcón also explained to the officers that neither his son nor him, had anything to do with Chaparro. Id. at ¶ 60. Both Natal and JGNF were eventually released by the agents; the ordeal lasted between fifteen and twenty minutes. Id. ¶ 65. Natal-Febus observed the events from inside her house. Febus-Marcano arrived at the scene after the alleged events took place. Id. at ¶¶ 16, 61, 69 and 70.

Defendants have moved to dismiss under Fed. R.Civ.P. 12(b)(6), alleging the complaint does not plead sufficient facts to state a claim upon which relief can be granted under the Fourth, Fifth and Fourteenth Amendments (Docket No. 30). In the alternative, they contend they are protected by qualified immunity. Id. at pp. 17-20. Finally, they assert that the claims against them

Case 3:13-cv-01070-PAD   Document 36   Filed 08/18/14   Page 4 of 9

Jesús M. Natal-Falcón, *et al.* v. Roberto Beauchamp-Rodriguez, *et al.*
Civil No. 13-1070 (PAD)
Opinion and Order
Page 4

in their official capacity are barred by the Eleventh Amendment, and that Febus-Marcano, Camila Natal and the Conjugal Partnership Natal-Febus lack standing to pursue Section 1983 claims. Id. at pp. 20-25.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief could be granted. To survive a motion under this rule, a complaint must plead a plausible entitlement to relief. Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007).

Plausibility exists when the pleaded facts allow the court to reasonably infer that the defendant is liable for the misconduct alleged. Morales-Cruz v. Univ. of P.R., (1st Cir. 2012); Sepulveda-Villarini v. Dept. of Educ. of P.R., 628 F. 3d 25, 30 (1st Cir. 2010). Its evaluation is contextual, calling upon courts to examine the complaint as a whole, and to separate factual allegations (which must be accepted as true) from conclusory allegations (which need not be credited). Garcia-Catalán v. United States, 734 F. 3d 100, 103 (1st Cir. 2013); Morales-Cruz v. Univ. of P.R., 676 F. 3d 221, 224 (1st Cir. 2012). To prevent dismissal, the factual content of the allegations must support more than a sheer possibility that a defendant has acted unlawfully. Garcia-Catalán, 734 F. 3d at 103.

## III.   DISCUSSION

### A.   Fourth Amendment

Defendants allege that dismissal at this stage is proper because Natal-Falcón's and minor JGNF's detentions were a valid investigatory or Terry stop (Docket No. 30 at pp. 12-17).

Case 3:13-cv-01070-PAD   Document 36   Filed 08/18/14   Page 5 of 9

Jesús M. Natal-Falcón, *et al.* v. Roberto Beauchamp-Rodriguez, *et al.*
Civil No. 13-1070 (PAD)
Opinion and Order
Page 5

Plaintiffs, in turn, contend defendants' actions did not constitute a Terry stop, but an arrest without probable cause (Docket No. 32 at p. 12 and 14-15). Since the police officers lacked probable cause to arrest them, they further posit, the search of Natal-Falcon's car and of Febus-Marcano's purse were also illegal. Id. at p. 15.

The Fourth Amendment allows brief investigative stops when a law enforcement officer has "a particularized and objective basis for suspecting the particular person stopped of criminal activity." Navarette v. California, --- U.S. ---, 134 S.Ct. 1683, 1687, 188 L.Ed.2d 680 (2014)(internal citations omitted). "When conducting a Terry stop, a police officer may briefly detain an individual for questioning if the officer has 'reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" Schubert v. City of Springfield, 589 F.3d 496, 501 (1st Cir. 2009)(internal citations omitted); see also, United States v. Silva, 742 F.3d 1, 6 (1st Cir. February 5, 2014).

First, the police officer "must have a reasonable, articulable suspicion of an individual's involvement in some criminal activity." Id. Second, the police officer's "actions undertaken pursuant to that stop must be reasonably related in scope to the stop 'unless the police have basis for expanding the investigation.'" Id. Nevertheless, "[w]here police actions taken during the detention exceed what is necessary to dispel the suspicion that justified the stop, the detention may amount to an 'arrest' and is lawful only if it is supported by probable cause." Flowers v. Fiore, 359 F.3d 24, 29 (1st Cir.2004).

In this progression, a *de facto* arrest materializes "when a reasonable person in the suspect's position would have understood, given the circumstances, that he was essentially under arrest." United States v. Carrigan, 724 F.3d 39, 47 (1st Cir. 2013). When reasonable people are forcefully

Case 3:13-cv-01070-PAD   Document 36   Filed 08/18/14   Page 6 of 9

Jesús M. Natal-Falcón, *et al.* v. Roberto Beauchamp-Rodriguez, *et al.*
Civil No. 13-1070 (PAD)
Opinion and Order
Page 6

pulled out of a car and handcuffed, it can safely be said they will generally understand themselves to be under arrest. Id.

According to the Amended Complaint, Beauchamp-Rodríguez, Vega-Montalvo, Collazo-Hernández and other officers were chasing Chaparro and knew he was running alone (Docket No. 29 at ¶ 27); the agents knew Natal-Falcón and minor JGNF were not related to Chaparro and were innocent victims of him (Id. at ¶ 29); the agents, while pointing their guns at Natal-Falcón and minor JGNF, pulled Natal-Falcón from the vehicle and informed them that they were under arrest (Id. at ¶¶ 29, 36 and 37); JGNF was arrested, handcuffed, and taken to the police patrol car, next to Chaparro (Id. at ¶¶ 38 and 44); while they were arrested, the agents searched Natal-Falcón's car, opened the vehicle's trunk, and searched Febus-Marcano's purse while Natal-Falcón's protested; and, after fifteen to twenty minutes, both Natal-Falcón and JGNF were released. Id. ¶¶ 47-52 and 65.

Taking the factual allegations as true, as the Court must, they appear to state a colorable Fourth Amendment claim. Moreover, those allegations do not support the inference that defendants had a reasonable and articulate suspicion that Natal-Falcón and minor JGNF were adding and abetting Chaparro, so as to be considered a Terry stop. Accordingly, defendants' request to dismiss the Fourth Amendment Claim is denied.[2]

The same conclusion follows on defendants' request for qualified immunity. Because qualified immunity is an affirmative defense, the defendants have the burden to present evidence

---

[2] Defendants invite the Court to come up with a different version of what exactly happened at the scene by asserting that (i) Natal-Falcón ignored the officers' warnings; (ii) the police agents only pointed their guns at the very beginning of the intervention; (iii) Chaparro was hidden from view, inside the vehicle; (iv) Chaparro "entered Natal's vehicle and sat peacefully"; and (v) as a drug trafficker, Chaparro could have been armed. None of those facts are alleged in the complaint. Thus, the Court limits its analysis to the well pleaded facts set in the Amended Complaint.

Case 3:13-cv-01070-PAD   Document 36   Filed 08/18/14   Page 7 of 9

Jesús M. Natal-Falcón, *et al.* v. Roberto Beauchamp-Rodriguez, *et al.*
Civil No. 13-1070 (PAD)
Opinion and Order
Page 7

that they acted objectively reasonable under the circumstances. Here, however, there are several allegations that, taken as true, confirm they did not act in an objectively reasonable manner. Consequently, they are not entitled to qualified immunity at this stage.

    **B.    Fourteenth Amendment**

As defendants correctly argued in their motion to dismiss, the Supreme Court has held that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing' these claims." Albright v. Oliver, 510 U.S. 266, 273 (1994) (citing Graham v. Connor, 490 U.S. 386, 395 (1989)); see also McLeod-López v. Algarin, 603 F.Supp.2d 330, 340 (D.P.R. 2009).

A careful review of the allegations included in the Amended Complaint confirms that plaintiffs' claims for false arrest, illegal detention, and illegal seizure should be analyzed under the Fourth Amendment's prohibition against illegal searches and seizures and not under the due process clause. Plaintiffs' opposition is devoid of any reason as to why their general Fourteenth Amendment claims should stand, given the textual source of constitutional protection under the Fourth Amendment. In these circumstances, the request to dismiss the Section 1983 claims under the Fourteenth Amendment as an independent source of relief is granted.

    **C.    Standing under Section 1983**

Defendants claim that Febus-Marcano, the Conjugal Partnership Natal-Febus, and Camila Natal lack standing to sue under Section 1983. Plaintiffs have informed that Camila Natal is suing under Puerto Rico's general tort statute, not under Section 1983. Therefore, the Court will only

Case 3:13-cv-01070-PAD   Document 36   Filed 08/18/14   Page 8 of 9

Jesús M. Natal-Falcón, *et al.* v. Roberto Beauchamp-Rodriguez, *et al.*
Civil No. 13-1070 (PAD)
Opinion and Order
Page 8

examine the standing argument with respect to Febus-Marcano and the conjugal partnership Natal-Febus.

In support of their motion to dismiss, defendants argue there are no allegations asserting that defendants violated any of the conjugal partnership's constitutional rights (Docket No. 30 at p. 22). As to Febus-Marcano, they contend "she was not even at the scene," and cannot bring suit under Section 1983. Id.

Given the allegations, the relevant question for purposes of Section 1983 is not whether Febus-Marcano was present at the scene. Rather, it is whether she had a legitimate expectation of privacy in the vehicle and purse searched. That expectation, which defendants have not challenged, triggers the constitutional protection. For the same reason, absence from the scene does not deprive Febus-Marcano of standing to pursue her claim. On this basis, defendants' request to dismiss Febus-Marcano's claim for lack of standing is denied.

That is not the case, however, with respect to the claims brought by the conjugal partnership as both the Amended Complaint and the opposition to defendants' motion to dismiss are silent as to the violation of any of the conjugal partnership's constitutional rights. For this reason, defendants' request is granted as to the conjugal partnership.

### D. Supplemental state-law claims

Because defendants' request to dismiss plaintiffs' state-law claims is based solely on the assumption that the Court will dismiss the federal claims, their request is denied.

Case 3:13-cv-01070-PAD   Document 36   Filed 08/18/14   Page 9 of 9

Jesús M. Natal-Falcón, *et al.* v. Roberto Beauchamp-Rodriguez, *et al.*
Civil No. 13-1070 (PAD)
Opinion and Order
Page 9

## IV. CONCLUSION

In light of the standard applicable to motions under Fed. R. Civ. P. 12(b)(6), defendants' motion at Docket No. 30 is:

(i) DENIED as to their request to dismiss plaintiffs' claims under the Fourth Amendment;

(ii) GRANTED as to their request to dismiss plaintiffs' claims under the Fourteenth Amendment;

(iii) DENIED as to their request to dismiss Febus-Marcano's Section 1983 claim for lack of standing;

(iv) GRANTED as to their request to dismiss the Conjugal-Partnership Natal-Febus' Section 1983 claim for lack of standing.

(v) DENIED as to their request for qualified immunity

(vi) DENIED as to their request to dismiss the state-law claims.

In addition, plaintiffs' motion for voluntary dismissal at Docket No. 33 is GRANTED. Accordingly, plaintiffs' Fifth Amendment claims and their claims against defendants in their official capacity are dismissed with prejudice.

**SO ORDERED**.

In San Juan, Puerto Rico, this 18th day of August, 2014.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge